

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

August 24, 2018

MICHAEL A. JAMES
TWO LIBERTY PLACE
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192 2211

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 18-CI-506

COURT:  Circuit Court Clerk
        Barren County
        PO Box 1359
        Glasgow, KY 42142-1359
        Phone: (270) 651-2561

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   (1)  **Your attorney, or**
   (2)  **The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
   (3)  **The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

Kentucky Secretary of State's Office          Summons Division                    8/24/2018

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 18-CI-8586<br>Court ☑ Circuit ☐ District<br>County Barren ▼ |

**PLAINTIFF**

Michael L. Burgess

VS.

Life Insurance Company of North America

RECEIVED

AUG 2 2 2018

SECRETARY OF STATE

**DEFENDANT**

**Service of Process Agent for Defendant:**

Michael A. James

Two Liberty Place

1601 Chestnut Street

| Philadelphia | | Pennsylvania | ▼ | 19192 | 2211 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ 0 \20 ___, 2019    _Krissie Cochilo_____ Clerk

By: _CriCraddock_____ D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____.  Served by: _____ |
| _____Title |

COMMONWEALTH OF KENTUCKY
BARREN CIRCUIT COURT
DIVISION ___I___
CIVIL ACTION NO.: 18-CI-_____

MICHAEL L BURGESS                                        PLAINTIFF

vs.                    **COMPLAINT AND JURY DEMAND**

LIFE INSURANCE COMPANY OF NORTH AMERICA        DEFENDANT

To be served through the Kentucky Secretary of State
upon the following service of process agent:
Michael A. James
Two Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192-2211

** ** ** ** ** ** ** ** ** ** **

## INTRODUCTION

1. Plaintiff seeks legal and equitable damages arising from and relating to a long-term disability policy and life insurance policy, which were both issued and administered by Defendant.

2. The headings set forth herein are intended to assist Defendant in reviewing the statements and allegations therein. Plaintiff hereby reaffirms and reincorporates each paragraph of each section as though fully set forth under each heading.

3. The factual allegations found in this Complaint and Jury Demand are not exhaustive facts, but provided to give the Defendant notice of the basis of Plaintiff's allegations.

## PARTIES

4. Plaintiff Michael Burgess resides in Park City, Barren County, Kentucky.

5. Defendant Life Insurance Company of North America (d/b/a Cigna) is an insurance company formed under the laws of the state of Pennsylvania and is authorized to do

1

FILED
AUG 2 0 2018
KRISSIE COE FIELDS, CLERK
BY_____D.C.

A TRUE COPY
ATTEST: KRISSIE COE FIELDS, CLERK
AUG 2 0 2018
BY_____D.C

business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

6. Defendant's service of process agent is Michael A. James who is located at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-2211.

7. Defendant shall be served through the Kentucky Secretary of State.

<u>JURISDICTION & VENUE</u>

8. This Court has jurisdiction as the amount in controversy exceeds the minimum jurisdictional amount for this Court.

9. Venue is proper as some or all of the facts that form the basis of the Complaint and Jury Demand occurred in Barren County, Kentucky.

<u>FACTS</u>

10. Plaintiff was an employee of South Central Bank, Inc.

11. Plaintiff's last job title at South Central Bank, Inc. was a Facilities and Security Manager.

12. Defendant supplied and issued a policy for disability insurance and a policy for life insurance to the Plaintiff by virtue of group insurance policies that insured the employees of South Central Bank, Inc.

13. Upon information and belief, the policy number for the long-term disability ("LTD") policy, which insured the Plaintiff, is believed to be LK 0961996.

14. Upon information and belief, the policy number for the life insurance policy, which insured the Plaintiff, is believed to be FLX-962721.

15. The aforementioned LTD policy contains provisions allowing the Plaintiff to be defined as disabled and thus receive LTD benefits, if he meets the following definition as set forth in said policy of insurance:

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
1) *Unable to perform the material duties of his or her Regular Occupation; and*
2) *Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
1) *Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and*
2) *Unable to earn 60% or more of his or her Indexed Earnings.*

16. The aforementioned life insurance policy contains provisions allowing the Plaintiff to be defined as disabled and thus receive a waiver of premium (WOP) for life insurance coverage, if he meets the following definition as set forth in said policy of insurance:

    *Disability/Disabled means because of Injury or Sickness the Employee is unable to perform all the material duties of his or her Regular Occupation; or is receiving disability benefits under the Employer's plan.*
    *After premiums have been waived for 12 months, they will be waived for future periods of 12 months, if the Employee remains Disabled and submits satisfactory proof that Disability continues.*

17. When the Plaintiff becomes disabled, then the life insurance premiums for Plaintiff's life insurance policy are to be waived by the Defendant during the period of time of Plaintiff's disability.

18. Plaintiff became disabled and was unable to return to work on or about June 20, 2015.

19. Plaintiff applied for LTD benefits and a waiver of premium for life insurance benefits with Defendant.

20. On November 13, 2015, the Social Security Administration determined that the Plaintiff was disabled from any occupation as of June 19, 2015. Plaintiff continues to receive his SSDI benefits.

21. Defendant paid LTD benefits to Plaintiff through September 17, 2017.

22. In a letter dated May 31, 2016, Defendant acknowledged Plaintiff's medical evidence and award of SSDI benefits, but the Defendant denied Plaintiff's waiver of premium (WOP) for life insurance coverage and inaccurately informed the Plaintiff of the definition of disability that was required for approval of his life insurance coverage.

23. Defendant should have approved Plaintiff's claim for WOP based on the actual definition of disability under his life insurance policy.

24. Plaintiff was entitled to a waiver of premium of his $54,000 in basic group life insurance coverage and $100,000 in voluntary group life insurance coverage.

25. In the letter dated May 31, 2016, Defendant informed Plaintiff he had the right to bring a legal action for benefits following an adverse benefit determination.

26. In a letter from Defendant dated July 7, 2016, Defendant informed Plaintiff it received documentation from the SSA, but it did not change Defendant's position, and Plaintiff's claim "remains closed and no further action will be taken on your claim at this time."

27. In a letter from the Defendant dated August 17, 2017, Defendant advised Plaintiff that it would cease paying LTD benefits as of September 17, 2017.

28. In a letter dated August 29, 2017, Defendant acknowledged receipt of Plaintiff's request for an appeal.

29. In a letter dated November 21, 2017, Defendant upheld its denial of Plaintiff's LTD benefits and asserted that it was unable to continue paying LTD benefits beyond September 17, 2017.

30. Defendant alleged Plaintiff was able to perform occupations based on Plaintiff's education, training, or experience.

31. Plaintiff appealed Defendant's denial of Plaintiff's LTD benefits

32. In a letter from Defendant dated August 14, 2018, Defendant continued to deny Plaintiff's LTD benefits. Said denial letter informed Plaintiff that his administrative appeals had been exhausted and no further appeals would be considered.

33. Defendant's aforementioned letter dated August 14, 2018, informed Plaintiff that he had the right to bring a legal action for benefits following an adverse benefit determination on appeal.

34. Plaintiff supplied Defendant with overwhelming medical records and reports documenting and supporting the fact that Plaintiff is disabled per the terms of his policies, and satisfies the definitions of disability contained in the aforementioned policies of insurance.

35. Plaintiff has met and continues to meet the requirements for benefits under his disability policy and for continuation of a waiver of premium for life insurance coverage.

36. The administrative record fully supports the fact that Plaintiff is disabled, pursuant to the terms of his LTD policy and life insurance policy.

37. Plaintiff's complaint is timely and is not otherwise time barred.

CLAIMS

COUNT I – BREACH OF CONTRACTS

38. The aforementioned LTD policy and life insurance policy are contracts for insurance between the Plaintiff and the Defendant.

39. Contrary to the terms of Plaintiff's disability policy, the Defendant has decided to deny Plaintiff's LTD benefits beyond September 17, 2017, and this constitutes a breach of contract.

40. Contrary to the terms of Plaintiff's life insurance policy, the Defendant has decided to deny Plaintiff's waiver of premium for life insurance coverage, and this constitutes a breach of contract.

41. Defendant's failure to pay LTD benefits and to provide a waiver of premium for life insurance coverage is a violation of the terms of the policies.

42. Defendant has wrongfully, and in contrast to the overwhelming evidence contained within the administrative files, denied further payment of the Plaintiff's LTD benefits that it owes to the Plaintiff pursuant to the terms of the applicable policy of insurance and denied waiver of premium for life insurance coverage that it owes the Plaintiff.

43. As a result of Defendant's breaches the Plaintiff has been damaged, and the Plaintiff seeks benefits due and continuation of life insurance coverage, in addition to, attorney's fees, costs, interest and other relief.

COUNT II – VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

44. The decision to terminate LTD benefits and life insurance coverage was made in bad faith and without just cause, and indicates a reckless disregard for the rights of the Plaintiff in violation of the Unfair Claims Settlement Practice Act (KRS 304.12-230).

45. Defendant continues to breach its statutory duties under KRS 304.12-230.

46. As a direct result of Defendant's actions, Plaintiff has been damaged.

47. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

48. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT III -- BREACH OF DUTY TO ACT IN GOOD FAITH

49. Defendant owed a duty to act in good faith in the handling Plaintiff's claims.

50. Defendant's actions support that Defendant failed to act in good faith.

51. Defendant lacks a reasonable basis to deny Plaintiff's benefits, is obligated to pay his LTD benefits and provide life insurance coverage under the terms of the applicable policies, and Defendant knew or should have known it has acted recklessly in stating that there is a reasonable basis when, in fact, there is none.

52. Defendant continues to breach its duty to act in good faith.

53. As a direct result of Defendant's actions, Plaintiff has been damaged.

54. The above actions by the Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

55. The aforesaid conduct of the Defendant is reckless and grossly negligent, entitling Plaintiff to punitive damages.

56. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT IV -- VIOLATIONS OF ERISA

57. The aforementioned policies at issue do not meet the qualifications of an Employee Retirement Income Security Act (ERISA) plan.

58. In the alternative to allegation number 57, the Defendant's actions violate ERISA.

59. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover his LTD policy benefits which were denied by Defendant, including pre-judgment and post-judgment interest.

60. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to an order to enforce the terms of Plaintiff's life insurance policy requiring the Defendant to provide a waiver of premium for life insurance coverage.

61. As a result of the Defendant's conduct, Plaintiff has incurred attorney's fees and costs.

62. Pursuant to ERISA §502(g) and 29 U.S.C. §1132(g), Plaintiff seeks his attorney's fees and costs expended herein.

63. Defendant's decisions to deny Plaintiff's LTD benefits and waiver of premium for life insurance coverage is arbitrary and capricious and against the greater weight of the evidence that was tendered to Defendant.

64. Defendant should be enjoined from denying benefit payments owed to Plaintiff under Plaintiff's LTD policy and enjoined from denying waiver of premium for life insurance coverage under Plaintiff's life insurance policy.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, the Plaintiff Michael Burgess demands the following relief:

A.   Trial by jury;

B.   Judgment against Defendant for full contractual benefits;

C.   Judgment against Defendant requiring Defendant to continue to waive premiums for Plaintiff's life insurance coverage, and requiring Defendant to continue to provide life insurance coverage to Plaintiff;

D.   That the Court award pre-judgment and post-judgment interest;

E.   That the Court award reasonable attorney's fees;

F.   That the Court award court costs;

G.   An award for punitive damages to punish and deter Defendant from similar conduct;

H.  Compensation for inconvenience and emotional pain and suffering caused by the

Defendant's actions during the claims and administrative review processes; and

I.  Any and all legal or equitable relief the Plaintiff may be entitled to.

Respectfully Submitted:

TIMOTHY E. GEERTZ
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Telephone:  859-299-2929
Facsimile:  859-201-1141
Email:  tim@geertzlaw.com
*Attorney for Plaintiff Michael Burgess*